UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHARON JEDRA,

        Plaintiff,

        -v-              5:25-CV-235

WAL-MART INC and WAL-MART
STORES, EAST LP,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MORGAN & MORGAN<br>Attorneys for Plaintiff<br>199 Water Street, Suite 1500<br>New York, NY 10038 | NICHOLAS GERSCHMAN, ESQ. |
| BENNETT SCHECHTER<br>  ARCURI & WILL LLP<br>Attorneys for Defendants<br>701 Seneca Street<br>Suite 609<br>Buffalo, NY 14210 | PAULINE WILL, ESQ.<br>MICHAEL P. SULLIVAN, ESQ.<br>KYLE W. DUKEMAN, ESQ. |

DAVID N. HURD
United States District Judge

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

On November 5, 2024, plaintiff Sharon Jedra ("Jedra" or "plaintiff") initiated this lawsuit with the filing of a summons and verified complaint in the New York Supreme Court for the County of Cayuga against defendants

Wal-Mart Inc and Wal-Mart Stores East, LP (collectively, "defendants").  Dkt. No. 2; *Jedra v. Wal-Mart Inc et al.*, Index No. E204-1009.  Plaintiff's state court complaint asserts claims for negligence arising out of an alleged slip and fall that occurred on defendants' premises.  Dkt. No. 2.  Plaintiff served defendants with copies of the summons and verified complaint on November 7, 2024.  *Jedra v. Wal-Mart Inc et al.*, Index No. E204-1009 Dkt. Nos. 2–3.

On November 27, 2024, defendants answered the verified complaint.  Dkt. No. 3.  The same day, defendants served Jedra with a supplemental demand for relief pursuant to N.Y. C.P.L.R. § 3017(c).  Dkt. No. 1-3.  Plaintiff responded on January 31, 2025 with a demand for $50,000,000 together with costs, interests and disbursements.  Dkt. No. 1-4.  Defendants filed a notice of removal, asserting diversity jurisdiction,[1] in the state court on February 19, 2025.  Dkt. No. 1–6.

---

[1] Defendants assert that defendant Wal-Mart Inc is incorporated under the laws of the State of Delaware while maintaining its principal place of business ("PPB") in the State of Arkansas.  *Id*.  Thus, for the purposes of diversity jurisdiction, Wal-Mart Inc. is a citizen of the States of Delaware and Arkansas.  *Id*.  Defendant Wal-Mart Stores East, LP is a limited partnership organized under the laws of the State of Delaware.  *Id*.  Defendant Wal-Mart Stores East, LP is comprised of two partners: general partner WSE Management, LLC and limited partner WSE Investment, LLC.  Both WSE Management, LLC and WSE Investment, LLC are limited liability companies organized under the laws of the State of Delaware.  *Id*.  Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Delaware that maintains its PPB in the State of Arkansas.  Its sole member is Walmart Inc.  *Id*.  Walmart Inc. is a corporation incorporated under the laws of the State of Delaware that maintains its PPB in the State of Arkansas.  *Id*.  Therefore, for the purposes of diversity jurisdiction, defendant Wal-Mart Stores East, LP is a citizen of the States of Delaware and Arkansas.  *Id*.

In response, on March 21, 2025, Jedra moved to remand the action back to state court pursuant to 28 U.S.C. § 1447(c).[2] Dkt. No. 7. The matter has been briefed and will be considered on the basis of the submissions without oral argument. Dkt. Nos. 7, 9–10.[3]

Jedra argues that this case must be remanded back to the New York Supreme Court for the County of Cayuga because defendants' removal was untimely. Dkt. No. 7-4. According to plaintiff, the thirty-day period to remove the case to federal court began running on November 7, 2024, when defendants were each served with copies of both the summons and complaint. Dkt. No. 7-4. Plaintiff further argues that the removal deadline expired on December 9, 2024—more than a month before defendants filed their notice of removal. *Id*.

In their notice of removal, however, defendants maintain that removal is timely under §§ 1446(b)(3) and (c) because they filed their notice of removal within thirty days of their receipt of Jedra's response to the supplemental demand for relief, which they received on January 31, 2025. Dkt. No. 1. The

---

[2] Plaintiff has also moved for attorneys' fees and costs. Dkt. No. 7-4.

[3] The Court notes that defendants' opposition papers—an attorney affirmation and accompanying exhibits—do not comport with the Local Rules of the Northern District of New York (the "Local Rules"). *See* N.D.N.Y. L.R. 7.1(b) ("Except as otherwise provided in this paragraph, all motions and opposition to motions require a memorandum of law, supporting affidavit when necessary to establish and provide factual and procedural background relevant to the motion, and proof of service on all the parties."); N.D.N.Y. L.R. 7.1(b)(2) ("An affidavit **must not contain legal arguments** but must contain factual and procedural background that is relevant to the motion the affidavit supports.") (emphasis added).

issue before the Court, therefore, is whether the removal deadline was triggered by plaintiff's complaint or by her supplemental notice of demand of relief.

Removal is governed by 28 U.S.C. §§ 1441 and 1446. Section 1441 limits removal jurisdiction, while § 1446 prescribes the procedures and requirements for removal. Section 1441 provides that, "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Cases removed pursuant to § 1332 must satisfy both the complete diversity and amount in controversy requirements  28 U.S.C. § 1332(a). Section 1446 prescribes the necessary notice of removal and imposes a thirty-day deadline for removal that is generally triggered by service of the complaint.  28 U.S.C. § 1446(b)(1). While "not jurisdictional, the thirty-day filing deadline is 'mandatory' and 'rigorously enforced.'" *Elliott v. Jaquez*, 2025 WL 1358516, *7 (E.D.N.Y. Mar. 17, 2025) (collecting cases), *report & recommendation accepted by*, 777 F. Supp. 3d 136, 150 (E.D.N.Y 2025). (quotation omitted).

But under New York law, claims for personal injury may not include a dollar amount in the prayer for relief. N.Y. C.P.L.R. § 3017(c) ("In an action

- 4 -

to recover damages for personal injuries or wrongful death, the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled."). In such actions, a supplemental demand will be served that requests the specific dollar amount of monetary damages. *See id.* This may cause some confusion for defendants seeking to remove the case to federal court on diversity grounds, because it may not be clear from the face of the complaint whether the amount in controversy requirement is satisfied.

Routinely faced with timeliness issues, the Second Circuit has crafted a bright-line rule: the "removal clock" starts once the defendant receives the complaint *if* the complaint "explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam) (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)). Courts in this Circuit have found that a defendant's receipt of a plaintiff's complaint triggers the removal clock where the complaint contains a demand for damages with "reference to a jurisdictional threshold is sufficient for the defendant to intelligently ascertain removability." *Elliott*, 2025 WL 1358516, \*7 (E.D.N.Y. Mar. 17, 2025) (collecting cases). Moreover, the Second Circuit has cautioned that the removal statute should be "construed narrowly, resolving any doubts against removability." *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) (citing *Platinum-*

*Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019)).

Upon review, Jedra's motion to remand will be granted. Defendants were served with copies of the summons and complaint on November 7, 2024. Plaintiff's complaint is explicit that she is seeking a judgment "in an amount which exceeds seventy[-]five thousand dollars and the jurisdictional limits of the New York State Supreme Court, and plaintiff demands such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action." Dkt. No. 2. The complaint also alleges that plaintiff is a resident of the County of Cayuga, New York. *Id.* That is, apart from defendants' respective citizenship,[4] plaintiff's complaint apprised defendants that the case satisfied the federal diversity statute and could have originally been filed in federal court. Therefore, the thirty-day removal clock began to run on November 7, 2024, and ended on December 9, 2024. *See* FED. R. CIV. P. 6(a). Defendants did not file their notice of removal until February 19, 2025—more than two months after the removal deadline had passed. Accordingly, removal was untimely, and the case will be remanded to the New York Supreme Court for the County of Cayuga.

---

[4] Plaintiff mistakenly identifies defendants Walmart Inc. and Wal-Mart Stores East, LLP as "foreign corporation[s]" with their PPB in New York. *Id.*

Jedra has also moved for an award of attorneys' fees and costs in connection with the filing of her motion to remand. Courts retain discretion to award fees and costs "incurred as a result of removal." *Portville Truck & Auto Repair, Inc. v. Mack Trucks, Inc.*, 468 F. Supp. 3d 569, 571 (W.D.N.Y. 2020). Generally, "attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* (quotation omitted). "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Id.* (quotation omitted).

Defendants' actions in this matter, though incorrect, were not objectively unreasonable or frivolous. As discussed, defendants filed their notice of removal on February 19, 2025, after receiving Jedra's supplemental notice of demand. Defendants mistakenly believed that it was plaintiff's supplemental notice of demand and not her complaint that triggered the removal clock. Thus, while incorrect, defendants' basis for removal was not frivolous. Accordingly, plaintiff's motion for attorneys' fees will be denied.

Therefore, it is

ORDERED that

1. Plaintiff's motion to remand is GRANTED; and

2. Plaintiff's motion for attorneys' fees and costs is DENIED.

- 8 -

The Clerk of the Court is directed to remand this action to the New York Supreme Court for the County of Cayuga and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: August 14, 2025
       Utica, New York.